IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BARBARA L. EBINGER, | ) |
| | ) Civ. No. 09-00116 ACK-BMK |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| The office(s) of the attorney | ) |
| general for the British created | ) |
| native hawaiian monarchial | ) |
| kingdom dba, the de facto state | ) |
| of hawaii, the leading | ) |
| enforcement officer for the de | ) |
| factor state of hawaii, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

ORDER GRANTING MOTION TO DISMISS AND DISMISSING COMPLAINT

On March 23, 2009, Plaintiff Barbara L. Ebinger ("Plaintiff"), proceeding pro se, filed a Complaint in this Court ("Complaint") against "the office(s) of the attorney general for the British created native hawaiian monarchial kingdom" (apparently, the Attorney General of the State of Hawai'i), the law firm of O'Connor Playdon & Guben, LLP ("Defendant OPG" or "OPG"), and other Doe Defendants. Complaint at 1. On April 9, 2009, Defendant OPG filed a Motion to Dismiss the Complaint ("Motion"). Defendant OPG asserts that the Complaint should be dismissed for insufficient process, insufficient service of process, and failure to state a claim against OPG. Pursuant to

Local Rule 7.2(d), the Court took this Motion under advisement without a hearing.[1]

The Complaint contains five pages of text, and one attached exhibit.[2]  Although not completely clear, the allegations appear to center around a single claim of "Fraud Within This district of hawaii court."  Complaint at 2, 3, 5. Specifically, the Complaint appears to be challenging District Judge King's order dismissing an earlier complaint filed by Plaintiff before Judge King in civil case 08-00402 SPK-LEK.  Id. at 3-4; see Order Granting Motion to Dismiss and Dismissing Action With Prejudice, CV 08-00402 SPK-LEK, Docket No. 16 (D. Haw. Dec. 19, 2008).

The language of the Complaint unequivocally states that "the reason I [(Plaintiff)] have filed this case into this U.S. Federal District Court, [is] to establish that Samuel P. King, the legislative/congressional appointed Senior U.S. District Court Judge, has no venue, jurisdiction or authority to Law of the Land, . . . ."  Complaint at 4.  Further, the Complaint

_____

[1] Plaintiff did not file a memorandum in opposition to the Motion.  The State of Hawai'i has also not filed anything in this action.

[2] Exhibit 1 to the Complaint is Plaintiff's birth certificate, which she has apparently attached in order to "verif[y] [her] Position as a United States Citizen and/or a United States Federal Citizen, whose Civil Rights is protected by the United States Constitution and the United States Federal Rules of Civil Procedure."  Complaint at 2.

states that the filing of the instant action "is a continuance of and a party thereto, of CV08-00402SPK-LEK 'Complaint' filed on Sept. 08, 2008." Id. at 2, 5.  Although Defendant OPG is named in the caption of the Complaint, and a copy of the Complaint was mailed to OPG, there is no other mention of any claim against OPG (or any reference to OPG at all) within the body of the Complaint.  See Id. at 1, Certificate of Service.

### STANDARD

Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") permits dismissal of a complaint that fails "to state a claim upon which relief can be granted."  Under Rule 12(b)(6), review is generally limited to the contents of the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996).  Courts may also "consider certain materials - documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice - without converting the motion to dismiss into a motion for summary judgment." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). Documents whose contents are alleged in a complaint and whose authenticity are not questioned by any party may also be considered in ruling on a Rule 12(b)(6) motion to dismiss.  See Branch v. Tunnell, 14 F.3d 449, 453-54 (9th Cir. 1994).

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.  Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996).  However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss.  See Sprewell, 266 F.3d at 988; Nat'l Ass'n for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology, 228 F.3d 1043, 1049 (9th Cir. 2000); In re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).  Moreover, the court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint.  Sprewell, 266 F.3d at 988.

In summary, to survive a Rule 12(b)(6) motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do." Id. (internal citations and quotations omitted).  Dismissal is appropriate under Rule 12(b)(6) if the facts alleged do not state a claim that is "plausible on its face." Id. at 570.

A pro se litigant's pleadings must be read more liberally than pleadings drafted by counsel. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004); Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).  When a plaintiff proceeds pro se and technically violates a rule, the court should act with leniency toward the pro se litigant. Draper v. Coombs, 792 F.2d 915, 924 (9th Cir. 1986); Pembrook v. Wilson, 370 F.2d 37, 39-40 (9th Cir. 1966). However, "a pro se litigant is not excused from knowing the most basic pleading requirements." Am. Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107-08 (9th Cir. 2000) (citations omitted).

## DISCUSSION

Even construing the Complaint liberally and in a light most favorable to Plaintiff, the Complaint states no cause of action against Defendant OPG.  It is unclear to the Court why Defendant OPG was even named in the Complaint, as no explanation is provided by Plaintiff other than the naming of OPG in the

caption.[3/]  "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints."  Potter v. Clark, 497 F.2d 1206, 1207 (7th Cir. 1974).  Therefore, the Court finds that Plaintiff has failed to assert any facts that could raise a plausible claim against OPG.  See Bell Atl. Corp., 550 U.S. at 570.  Accordingly, the Court GRANTS Defendant OPG's Motion to Dismiss.

     In reviewing the Complaint, the Court sua sponte finds that the instant action should be dismissed in its entirety because it is conspicuously intended to be "a continuance" of Plaintiff's previously dismissed Complaint.  See Complaint at 2. Plaintiff is under the misguided impression that the filing of the instant Complaint functions as a continuance to her prior civil action that was dismissed with prejudice on December 19, 2008.  Id. at 2, 5.  More explicitly, Plaintiff admits that "the reason I [(Plaintiff)] have filed this case" is to challenge the authority of Judge King in the previous matter.  Id. at 4.

     However, in filing the instant Complaint, Plaintiff has initiated an independent action that cannot function as a

---

     [3/] As OPG correctly asserts, it was not a party in Plaintiff's previous action (that was dismissed by Judge King), nor did it represent any party in that action.  See Motion at 7.

continuance of Plaintiff's previously dismissed matter. See Fed. R. Civ. P. 3. If Plaintiff did not agree with Judge King's ruling on her earlier Complaint, the appropriate procedural step was to appeal that order. However, Plaintiff did not appeal Judge King's order, and the time to file an appeal has now lapsed.[4/] Because the instant Complaint's sole purpose appears to be a challenge to Judge King's order in a previous action and does not state any independent claims, it must be dismissed. Even if Plaintiff somehow is seeking to assert a claim against Judge King, the Court finds that Plaintiff has failed to set forth a valid claim. Moreover, Judge King is a duly appointed United States District Judge and has absolute immunity. See Cleavinger v. Saxner, 474 U.S. 193, 199 (1985). Accordingly, the Court sua sponte orders that the instant Complaint be dismissed.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant OPG's Motion to Dismiss, finding that Plaintiff has failed to state a plausible claim against OPG, let alone even mentioning OPG in the body of the Complaint. Further, the Court finds that the instant Complaint is merely a challenge to Judge King's order

---

[4/] Plaintiff had thirty days from the entry of Judge King's order to file a notice of appeal. See Fed. R. App. P. 4(a)(1)(A). Thus, the appeals period on the order expired on or about January 20, 2009. Plaintiff did not file the instant Complaint until March 23, 2009, more than two months after such expiration. Thus, the filing would be untimely even construing the Complaint as a notice of appeal.

dismissing Plaintiff's earlier complaint.   However, the instant
Complaint is in fact a separate action and cannot function as a
continuance of a previously dismissed complaint.   Instead of
filing this new Complaint, Plaintiff should have appealed Judge
King's order to the Ninth Circuit Court of Appeals.   Accordingly,
the Court dismisses this action in its entirety.

        IT IS SO ORDERED.

        DATED:  Honolulu, Hawai'i, July 10, 2009.



_____
Alan C. Kay
Sr. United States District Judge

Ebinger v. Attorney General of the State of Hawaii, et al., Civ. No. 09-00116
ACK-BMK, Order Dismissing Complaint.